# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**HENRY ANTHONY WASHINGTON BROWN,**

    **Plaintiff,**

vs.                                                    **Case No. 4:21cv218-WS-MAF**

**FLORIDA DEPARTMENT OF CHILDREN & FAMILIES, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, was granted leave to proceed in forma pauperis status, ECF Nos. 2 and 4, and was directed to file an amended complaint by July 16, 2021. ECF No. 4. Notably, Plaintiff was advised that he could not pursue two cases[1] at the same time against the same Defendant if those cases were based on the same events, facts, or issues. Plaintiff was directed to consider whether it was appropriate to bring this

---

[1] The Order noted that this was the fourth case Plaintiff had filed within a month. He filed case number 4:21cv203-RH-MAF on May 17, 2021; case number 4:21cv204-AW-MAF on May 17, 2021, and case number 4:21cv205-MW-MAF on May 18, 2021. This case appears to overlap with Plaintiff's third case, case number 4:21cv205-MW-MAF, which was also brought against the Florida Department of Children and Families.

case in light of his third case. If this case was redundant, Plaintiff should file a notice of voluntary dismissal of this case.

As of this date, Plaintiff has not complied with that Order, ECF No. 4. He has neither filed an amended complaint, nor has he filed a notice of voluntary dismissal. It appears that Plaintiff has abandoned this litigation. Because Plaintiff was warned that if he failed to comply with that Order a recommendation would be made to dismiss this action, it now appears that dismissal is appropriate.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Because Plaintiff did not

comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 23, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**